**ALPHACO, INC., a Delaware corporation, Plaintiff,**

**v.**

**E. J. NELSON, District Director of Internal Revenue, Defendant.**

**No. 64–C–246.**

United States District Court
E. D. Wisconsin.

Aug. 19, 1966.

William S. Wood of Nowlan, Mouat, Lovejoy, McGuire & Wood, Janesville, Wis., for plaintiff.

Richard M. Roberts, Acting Asst. Atty. Gen., David A. Wilson, Jr., and Donald R. Anderson, Attys., Dept. of Justice, Washington, D. C., James B. Brennan, U. S. Atty., by Franklyn M. Gimbel, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

OPINION AND ORDER

GRUBB, District Judge.

This is an action for recovery of an alleged overpayment of tax together with

interest. The parties have submitted the case for determination by the court on stipulated facts and briefs with waiver of oral argument.

The material facts as they appear from the stipulation are as follows: During the fiscal year ending September 30, 1961, plaintiff, pursuant to a plan of complete liquidation, sold all of its assets at a gain in excess of one million dollars and distributed the proceeds, less amounts retained to meet claims, to its shareholders. The liquidation falling within the provisions of Section 337, Title 26 U.S. C.A., no gain was recognized to plaintiff in respect thereto.

On its federal income tax return for the year 1960–61, plaintiff claimed a deduction as an ordinary and necessary business expense for "expenses on sale of assets in liquidation" in the amount of $56,-721.47. Upon an audit of plaintiff's return, defendant allowed the amount of $2,618.00 incurred in connection with general corporate matters including the liquidation and dissolution of plaintiff, but disallowed the remainder of $54,103.-47 consisting of brokers' commissions, attorneys' fees and disbursements, and accountants' fees incurred incidental to the sale of assets.

The question presented here is whether expenses on sale of assets on complete liquidation of a corporate taxpayer are deductible as "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business," under Section 162(a) of Title 26 U.S.C.A., I.R.C.1954.

Defendant contends that the disallowed items, such as commissions and fees on sale of property are to be treated for tax purposes as capital expenditures to be deducted from the selling price of the property in determining gain or loss to a taxpayer from the sale. It is submitted that the nature of the expenditures generally deemed to be capital is not changed to that of ordinary and necessary business expenses because they were incurred on dissolution of taxpayer or because taxpayer chose to distribute the proceeds of the sale of the property rather than assets in kind.

The case law shows that expenses required by termination of corporate life, such as fees for filing certificate of dissolution and services of attorneys and accountants, are to be treated as ordinary and necessary since dissolution, although occurring but once in the life of the corporation, is an everyday happening in the business world. Pacific Coast Biscuit Company, 32 B.T.A. 39, 43 (1935). As part of the necessary expenditures, the Board in this case also allowed amounts spent in the liquidation of the property of a corporation.

In Gravois Planing Mill Company v. Commissioner of Internal Revenue, 299 F.2d 199 (8th Cir. 1962), involving a partial liquidation, allowable deductions included the cost of recordation of certificate of title of a warranty deed, legal services in drafting of a lease and deed, examination of zoning laws and building codes, and execution of all papers, as well as other items generally related to corporate distribution and liquidation.

Legal fees "incurred in connection with the sale of assets" for purposes of liquidation of the taxpayer were held deductible as ordinary and necessary business expenses in Pridemark, Inc. v. Commissioner of Internal Revenue, 345 F.2d 35, 45 (4th Cir. 1965).

The contention of the government, similar to its position in the instant case, that legal expenditures on sale of corporate assets on liquidation, unlike payments attributable solely to dissolution, are capital in nature and, therefore, not deductible was rejected in Mountain States Mixed Feed Company v. United States, 245 F.Supp. 369 (D.Colo. 1965) aff'd. sub nom. United States v. Mountain States Mixed Feed Company, 364 F.2d 244, (10th Cir. 1966). The court there held that legal fees, in their entirety, comprehending expenditures relating to sale of assets pursuant to the plan of liquidation and for services rendered with respect to liquidation were deductible

from income as ordinary and necessary expenses incurred in liquidation.

No distinction is drawn in these cases between the broad category of costs of corporate dissolution and specific expenses of sale of property on liquidation in terminating corporate life.

The provisions of Section 337(a), Title 26 U.S.C.A., I.R.C.1954, do not bear on the question whether or not the payments in issue are to be characterized as ordinary and necessary or as capital expenditures. This section is intended to avoid double taxation of proceeds on liquidation. Pridemark, Inc. v. Commissioner of Internal Revenue, 345 F.2d 35, 45 (4th Cir. 1965). There is no conflict or inconsistency in allowance of business deductions to the corporation under Section 162(a), Title 26 U.S.C.A., I.R.C.1954, for purposes of determining its income tax liability and authorizing the collection of the tax on the proceeds of liquidation from the shareholders. In this case the plan of liquidation called for sale of the property by the corporation rather than transfer of the assets in kind. Whether or not this was a requirement of Delaware law and whether or not the shareholders may qualify for capital gains or ordinary income tax treatment of the proceeds on liquidation is not relevant to the question of the deductibility of the expenses of the corporation in determining its income tax liability.

■■ It is the conclusion of the court that, for purposes of determining the income tax liability of a corporation for the final year of its life, all expenses incidental to termination of corporate existence pursuant to a plan of liquidation are deductible as ordinary and necessary business expenses under Section 162(a), Title 26 U.S.C.A., I.R.C.1954. Under these conditions costs incidental to sale of capital assets on liquidation do not concern the creation or continuance of a capital asset. 4 Mertens, The Law of Federal Taxation, § 25.35. No distinction between the nature of expenses incurred in distribution in kind and those on sale of assets for purposes of liquidation is warranted. United States v. Mountain States Mixed Feed Company, 364 F.2d 244, supra.

The foregoing opinion sets forth the court's findings of fact and conclusions of law in accordance with Rule 52, Federal Rules of Civil Procedure. Pursuant to their stipulation, the parties are hereby directed to jointly compute the amount of recovery in accordance with the findings and conclusions of the court, submitting the amount to the court for its approval, together with an order for entry of judgment for the plaintiff, Alphaco, Inc., and against the defendant, E. J. Nelson, District Director of Internal Revenue.